# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00444-CV

---

**Kayla Range, Appellant**

**v.**

**Portfolio Recovery Associates, LLC, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
NO. 26CCV00087, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This case is before the Court on appellant's unopposed motion to abate and for extension of time to file her brief. After appellant was informed by the justice court that she missed the deadline to file an appeal from its judgment, she filed a verified application for writ of certiorari in county court. *See* Tex. R. Civ. P. 506.4. The trial court denied appellant's application for writ of certiorari, stating in its written order that it did so "[a]fter hearing and considering . . . the pleadings and evidence." Appellant timely requested findings of fact and conclusions of law and provided timely notice of past-due findings of fact and conclusions of law. However, to date, the trial court has not issued any written findings or conclusions.

Appellant argues that without any findings, she is forced to guess at the reasons for the trial court's denial of her application, effectively preventing her from properly presenting

her case in this appeal. For instance, she contends that the trial court's decision to deny her application may have been based on the sufficiency of her sworn statement or its weighing of the facts sworn to in her application. She requests that we abate this case and remand for the trial court to enter appropriate findings and conclusions.

"A trial court's failure to file findings in response to a timely and proper request is . . . 'presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury."'" *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). Based on the trial court's representation that it denied appellant's application after considering "the pleadings and evidence," it is presumed that appellant is harmed by the trial court's failure to issue written findings and conclusions. And "[w]hen the trial court's failure is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings." *Id.* at 136. We therefore grant appellant's motion to abate, abate this appeal, and remand the case to the trial court for it to send its written findings of fact and conclusions of law to the parties. *See* Tex. R. Civ. P. 296, 297. The written findings and conclusions should be submitted to this Court in a supplemental clerk's record. This case will be reinstated once the supplemental clerk's record is received by this Court.

Appellant's motion for extension of time to file her brief is granted in part. Appellant shall have thirty days from the date this appeal is reinstated to file her brief.

It is ordered on July 24, 2026.

2

Before Justices Triana, Crump, and Ellis

Abated and Remanded

Filed: July 24, 2026